**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_____
Mary Ann Whipple
United States Bankruptcy Judge

**Dated: March 15 2012**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 11-30303 |
| | ) | |
| Sandusky Bay Construction Company, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

This case is before the court on a motion filed by Debtor and docketed in the instant Chapter 11 case as an "Emergency Motion for Temporary Restraining Order," ("Motion").[1]  [Doc. # 104].

Debtor seeks an order (i) enjoining Colonial Pacific Leasing Corporation/G.E. Commercial Finance and "all other persons or entities acting in concert with them, and any other creditors of the Debtor" from pursuing remedies based upon any guaranty or similar assurance of performance against JLZ Construction Services, LLC, VOK and Mason P. Olgesby III, all of whom Debtor characterizes as its affiliates, or (ii) extending the automatic stay pursuant to 11 U.S.C. § 362 to any action of Debtor's creditors based upon any aforementioned guaranty. [_Id._ at 3-4]. Debtor's Motion, however, is fatally procedurally improper. A request for injunctive relief must be brought by adversary proceeding. Fed. R. Bankr. P. 7001(7); _In re Cincom iOutsource, Inc._, 398 B.R. 223, 227 (Bankr. S.D. Ohio 2008).

---

[1] Although docketed as an "emergency" motion, Debtor sets forth no facts demonstrating an emergency.

Debtor's attempt to distinguish between a request for injunctive relief and a request to extend the automatic stay to its creditors is a distinction without a difference. The Bankruptcy Code's automatic stay provisions operate as a stay of actions or proceedings only against the debtor. 11 U.S.C. § 362(a)(1). As the Sixth Circuit has explained, although some courts have held that the stay may be extended to non-debtor parties in unusual circumstances, "such extensions, although referred to as extensions of the automatic stay, were in fact injunctions issued by the bankruptcy court. . . ." *Patton v. Bearden*, 8 F.3d 343, 349 (6th Cir. 1993). Thus, the commencement of an adversary proceeding, with all of its procedural protections such as specifically suing and naming as defendants parties sought to be enjoined and serving them with a summons and complaint, is necessary to obtain either form of relief sought by Debtor.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Debtor's Motion [Doc. # 104] be, and hereby is, **DENIED, without prejudice.**